**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMY JASON KING,<br><br>        Petitioner,<br><br>    v.<br><br>TUOLUMNE COUNTY SHERIFFS,<br><br>        Respondents. | Case No. 1:14-cv-01091-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND (DOC. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus. Although Petitioner initially filed his petition pursuant to 28 U.S.C. § 2254, Petitioner alleges that he is an unsentenced inmate of the Tuolumne County Jail facing both felony and misdemeanor charges in the Tuolumne County Superior Court, with a court date set for July 14, 2014. (Pet., doc. 1, 1-2, 7.) As a pretrial detainee, Petitioner is not a "person in custody pursuant to the judgment of a State court" within the meaning of § 2254(a); however, habeas corpus jurisdiction arises pursuant to 28 U.S.C. § 2241(c)(3) for prisoners

1

whose custody is "in violation of the Constitution or laws or treaties of the United States...."  28 U.S.C. § 2241(c)(3); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting written consent filed with this Court on July 21, 2014 (doc. 5).

Pending before the Court is the petition, which was filed on July 14, 2014.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal.  Hendricks

1 v. Vasquez, 908 F.2d at 491.

2   The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

   Here, Petitioner alleges that state criminal proceedings are ongoing, but Petitioner has not filed an appeal or any other motions or petitions in state court. (Pet., doc. 1, 1-2.) Petitioner seeks to set aside the pending information and obtain the appointment of new counsel and additional, unspecified legal resources to file a civil case concerning alleged violations of his civil rights in connection with his arrest, alleged beating by law enforcement officers, examination by a medical doctor while in custody, and associated treatment with respect to a possible mental condition. (Id. at 5, 7-8, 10, 13). Petitioner argues that a confession, statement, and/or plea was involuntary and unintelligent and that evidence was unlawfully obtained. He seeks an order setting aside the information in the ongoing state proceeding.

   II. **Abstention from the Exercise of Jurisdiction with respect to Petitioner's Claims Concerning the Ongoing State Criminal Proceedings**

   Generally the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist to reveal an

absence of state processes effective to protect a federal right.  See Ex parte Royall, 117 U.S. 241, 245-254 (1886); Fay v. Noia, 372 U.S. 391, 420 (1963), overruled in part by Wainwright v. Sykes, 433 U.S. 72 (1977) and Coleman v. Thompson, 501 U.S. 722 (1991).  Federal courts will not interfere with pending state criminal proceedings unless the petitioner has exhausted all state court remedies with respect to the claim raised.  See Mannes v. Gillespie, 967 F.2d 1310, 1311-1312 (9th Cir. 1992).

   Further, a federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent the most unusual circumstances.  Younger v. Harris, 401 U.S. 37 (1971); Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).  Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the petitioner an adequate opportunity to raise constitutional claims.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  This principle has been applied to collateral attacks on criminal convictions; federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of a state criminal charge prior to a judgment of conviction by a state court.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).  It also applies to prevent a federal court from interference pending an appeal in the state courts.  New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989).

   Here, Petitioner admits that criminal proceedings are pending at the pretrial stage.  Additionally, the proceedings involve the important state interest of not having a federal court interfere in

4

1  ongoing state criminal proceedings.  Cf., Dubinka v. Judges of
2  Superior Court of State of Cal. for County of Los Angeles, 23 F.3d
3  218, 223 (9th Cir. 1994) (recognizing the important interest of a
4  state not to have federal courts intervene, in advance of a state
5  criminal trial, to resolve isolated and individualized trial issues
6  such as the admissibility of evidence, and citing Kugler v. Helfant,
7  421 U.S. 117, 129-31 (1975) and other cases declining to permit
8  analogous piecemeal intervention).
9       Finally, Petitioner has not even attempted to proceed with an
10 appeal or other form of review in the state court system with
11 respect to the rulings and practices of which he complains.  It
12 appears that Petitioner has access to processes in which he may
13 raise his constitutional issues, including all generally available
14 pretrial and trial processes, and, if Petitioner is convicted, the
15 appellate process in the state appellate courts.  Thus, Petitioner
16 has an adequate opportunity to raise his constitutional claims.
17      The Court need not abstain if there are extraordinary
18 circumstances, such as when the state court proceedings were
19 undertaken for bad faith or for purposes of harassment, or where the
20 statute defining a criminal offense at issue is "flagrantly and
21 patently violative of express constitutional prohibitions." Dubinka,
22 23 F.3d at 25; see, Lebbos v. Judges of Superior Court, Santa Clara
23 County, 883 F.2d 810, 816 (9th Cir. 1989).
24      Here, there are no allegations concerning the invalidity or
25 unconstitutionality of the statutes pursuant to which Petitioner is
26 being prosecuted.  Petitioner does generally allege that unspecified
27 evidence was unlawfully obtained and he was mistreated by law
28 enforcement officers.  No specific facts are stated that indicate

the prosecution itself is undertaken in bad faith or for an improper purpose.

In sum, Petitioner has not established that any exception to the Younger abstention doctrine is applicable in this case. Accordingly, insofar as Petitioner is challenging the legality or duration of his confinement based on the rulings and proceedings in the ongoing state criminal prosecution, the petition is premature; this Court will not interfere in the ongoing state criminal proceedings and thus will abstain from the exercise of jurisdiction.

Where, as here, the Younger abstention doctrine applies, it is appropriate to dismiss the action. See, Gibson v. Berryhill, 411 U.S. 564, 577 (1973). The dismissal of the action will be without prejudice because the Court has not addressed the merits of the action. Cf., In re Hall, Bayoutree Associates, Ltd., 939 F.2d 802, 804 (9th Cir. 1991); Beltran v. California, 871 F.2d 777, 782 (1988).

III.   Claims concerning Conditions of Confinement

With respect to Petitioner's claims concerning conditions of confinement, including but not limited to his complaints concerning medical care and allegations of excessive force by his custodians, a federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a

6

1  civil rights action pursuant to 42 U.S.C. § 1983 is the proper
2  method for a prisoner to challenge the conditions of that
3  confinement.  McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991);
4  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee
5  Notes to Habeas Rule 1, 1976 Adoption.
6      Challenges to prison disciplinary adjudications that have
7  resulted in a loss of time credits must be raised in a federal
8  habeas corpus action and not in a § 1983 action because such a
9  challenge is to the very fact or duration of physical imprisonment,
10 and the relief sought is a determination of entitlement to immediate
11 or speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 500.
12 Thus, such claims are within the core of habeas corpus jurisdiction.
13     This circuit has recognized habeas jurisdiction in suits that
14 do not fall within the core of habeas corpus.  Bostic v. Carlson,
15 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding
16 likely to accelerate eligibility for parole); Docken v. Chase, 393
17 F.3d 1024 (9th Cir. 2004) (claim challenging the constitutionality
18 of the frequency of parole reviews, where the prisoner was seeking
19 only equitable relief, was held sufficiently related to the duration
20 of confinement).  However, relief pursuant to § 1983 remains an
21 appropriate remedy for claims concerning administrative decisions
22 made in prison where success would not necessarily imply the
23 invalidity of continuing confinement.  Docken v. Chase, 393 F.3d at
24 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)
25 as holding that a § 1983 suit is an appropriate remedy for
26 challenges to conditions [there, administrative placement in a sex
27 offender program affecting eligibility for parole] which do not
28

necessarily imply the invalidity of continuing confinement); Ramirez v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).

Here, Petitioner's conditions claims do not relate to or affect the duration of his confinement -- they concern only the conditions of his confinement.  Petitioner's request for injunctive relief or compensatory relief with respect to violations of his civil rights allegedly suffered during his incarceration are properly brought in an action pursuant to 42 U.S.C. § 1983, and not in a proceeding pursuant to 28 U.S.C. § 2254.  Thus, Petitioner's claims must be dismissed.  Because of the nature of Petitioner's claims, even if leave to amend were granted, Petitioner could not amend his petition to allege tenable conditions claims.  He could not allege specific facts that demonstrate that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement, was affected.  Thus, dismissal of the petition without leave to amend is appropriate.

The Court has considered whether it would be more appropriate to consider Petitioner's conditions claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  However, the Court declines to construe the petition as a civil rights complaint.  Converting only a portion of the petition would create uncertainty as to the scope of the claims remaining in the action.

Construction of the petition as being partially a civil rights complaint is inappropriate because of various differences in the procedures undertaken in habeas proceedings and civil rights actions.  Conversion might obligate Petitioner to pay the $350

filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds, pursuant to 28 U.S.C. §§ 1914, 1915(b), where the record does not support an inference of Petitioner's willingness or ability to pay the larger fee.  Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

Here, Petitioner has not alleged he exhausted administrative remedies.  Additionally, Petitioner has failed to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.  Finally, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of Petitioner's allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Based on the foregoing analysis, it is appropriate to dismiss without leave to amend the portion of the petition that raises

conditions claims so that Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

### IV. Certificate of Appealability

In an abundance of caution, the Court has considered whether a certificate of appealability should issue.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and

determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

V. Disposition

Based on the foregoing, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice and without leave to amend;

2) The Court DECLINES to issue a certificate of appealabilty; and

3) The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   **August 1, 2014**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE

11